For respondents: James A. Rickard.

▮▮▮▮▮▮▮▮

Walter Simpson
vs.
Providence County Court
House Commission
}
M. P. No.1151.

May 20, 1930.

WALSH, J. Heard on petitioner's motion for a new trial after verdict for petitioner in the sum of $1500.00.

This was a petition for assessment of damage by a jury to the leasehold interest of the petitioner in the land and buildings mentioned in Miscellaneous Petition No. 1150. The evidence showed that the petitioner had a lease expiring March 31, 1930, upon which he was paying to the landlord a net rent of $10,000.00 per year; that the lease had a clause providing for an option of renewal at $12,000.00 per year net for a period of three years. Two witnesses testified for the petitioner that the petitioner intended to renew his lease for the three-year term.

The evidence showed that prior to condemnation, in 1926, the City of Providence had passed legislation which rendered the use of these premises by market gardeners less advantageous than formerly. As a consequence, two produce men had moved out of these premises, and these two men had been paying $8,100.00 per year rent. Mr. Philbrick, a real estate agent, estimated the value of the pe-

titioner's lease at $16,955.54. Mr. James H. Hurley, for the respondent, testified that a renewal of the lease was improbable, that the value of the lease would be much less after the city's edict had been put in force, that it would be hard to secure tenants to occupy these premises, and that the period of renewal was too short for a marketable lease. Ralph B. Taylor, for the respondent, testified that this lease was a liability and not an asset. Mr. Arthur W. Drew and Mr. John B. Carpenter, both real estate experts, agreed in substance with Mr. Hurley and Mr. Taylor. The lease expired March 31, 1930. Hence it had about ten and one-half months to run from the date of condemnation (May 14, 1929).

There was uncontradicted evidence as to the part of the premises occupied, the part of the premises vacant, and the gross income which would have been received by Mr. Simpson during this ten and one-half months period. The jury apparently determined that the value of Mr. Simpson's lease from May 14, 1929, to March 31, 1930, was $1,500.00, and disregarded Mr. Simpson's testimony that he intended to renew this lease for a further three-year term.

It strikes us that the jury was amply warranted from the testimony in concluding that Mr. Simpson would not renew his lease under the existing circumstances, despite his testimony and that of Mr. Jackson that he intended to do so. The reasonable view would be that no man would hazard an unprofitable venture under these circumstances. The verdict of the jury was one that sound business men must arrive at by the strong preponderance of the evidence.

Motion for a new trial denied.

For petitioner: Ralph M. Greenlaw.

For respondent: Oscar L. Heltzen.